IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                        Petitioner,

     v.

COUNTY OF MILWAUKEE,
CITY OF MILWAUKEE,
MILWAUKEE COUNTY DISTRICT
ATTORNEY JOHN CHISHOLM,
MILWAUKEE COUNTY ASSISTANT
DISTRICT ATTORNEY GILBERT URFER
and CITY OF MILWAUKEE 1st DISTRICT
POLICE DETECTIVE CARLOS NEGRON,

                        Respondents.

ORDER

08-cv-690-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Lloyd T. Schuenke, a prisoner at the Milwaukee County House of Corrections in Franklin, Wisconsin, has filed a proposed complaint. Because he has not paid the $350 filing fee, I conclude that he is requesting leave to proceed in forma pauperis. The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

      Section 1915(g) reads as follows:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, petitioner was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Schuenke v. Wisconsin Dept. of Corrections, 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Dept. of Corrections, 98-C-95 (W.D. Wis. Mar. 23, 1998).

Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that, on September 5, 2008, respondents Milwaukee County Assistant District Attorney Gilbert Urfer and City of Milwaukee 1st District Police Detective Carlos Negron filed a criminal complaint charging him with "battery while armed, habitual criminality"; "substantial battery while armed, habitual criminality"; and "intimidation of victim while armed, habitual criminality". These charges were the result of incidents occurring on August 19 and August 28, 2008, involving petitioner and Virginia Forrest. On October 3, 2008, respondent Urfer and Milwaukee County District Attorney John Chisholm filed an information in court on these charges. On November 10, 2008, petitioner's probation was revoked. Petitioner alleges that he is innocent of the criminal charges.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002); Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations. In this case, petitioner alleges that he was falsely charged with crimes in the past and that he is being wrongfully prosecuted for these crimes. However, petitioner does not allege that he is in imminent danger of any physical injury. Accordingly, petitioner's complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than December 22, 2008. If he does this, however, petitioner should be aware that the court will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If petitioner does not pay the $350 filing fee by December 22, 2008, I will conclude

3

that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, petitioner will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997). I will advise the warden of the institution in which petitioner is confined of his obligation to pay the fee so that if and when funds do exist in petitioner's account, the fee can be collected and sent to the court in accordance with 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until December 22, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by December 22, 2008, petitioner fails to pay the fee, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that petitioner's obligation to pay the $350 fee for filing this case is reflected in this court's

4

financial records.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge